186 So. 783

## BALLENTINE v. STATE.

### 8 Div. 725.

Court of Appeals of Alabama.

Feb. 21, 1939.

Murphy & Pounders, of Florence, for appellant.

Thos. S. Lawson, Atty. Gen., and Edwina Mitchell, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

At the September 1937 term of the circuit court of Lauderdale County, the Grand Jury thereof found and returned into open court an indictment charging this appellant, and another, not on trial, with the offenses (1) of distilling, making or manufacturing, alcoholic, spirituous or malted liquors; a part of which was alcohol; and (2) of having in possession a still, etc., to be used for that purpose, etc. The indictment and its incidents are regular in every respect, and no question as to this was raised upon the trial of this case in the court below.

At the conclusion of taking the testimony the Solicitor with the consent of the court, and without objection, took a nol pros as to count 1 of the indictment, and the case was submitted to the jury on the remaining count (2), supra.

The trial resulted in the conviction of the defendant, the jury returning the verdict, towit: "We the jury find the defendant guilty as charged in count 2." Whereupon, the court adjudged the defendant guilty as charged in said count and sentenced the defendant to an indeterminate term of imprisonment in the penitentiary for not less than one year and a day, nor more than eighteen months and one day. The judgment of conviction and sentence were regular in all respects, from which this appeal was taken.

The trial of this case was had in the court below on the 31st day of March

1938, and the certificate of appeal was filed here on April 18, 1938. The transcript and briefs for appellant were filed in this court on October 13, 1938, and the cause was "Submitted on briefs," January 19, 1939.

The Attorney General, on January 27, 1939, filed the following motion:

"Comes the appellee in the above styled cause and moves the Court to set aside submission of this appeal and as grounds for such motion assigns the following:

"Appellee desires an opportunity to file a motion to strike the bill of exceptions as not having been presented within ninety days as required by law.

"Submission was made by inadvertence."

And said motion was accompanied by the further motion, towit:

"Comes the Appellee in the above styled cause and moves the court to strike the Bill of Exceptions in this cause and for grounds of such motion assigns the following:

"The Appellant failed to present the Bill of Exceptions to the trial judge within ninety days of the date of judgment as required by law."

We see no necessity for granting either of the foregoing motions. The court will not do a useless thing. Upon examination of the entire record we ascertain that pending the entire trial in the court below no ruling of the trial court was invoked or had in any manner, hence no exceptions were reserved. No special written charges were requested and the question of the sufficiency of the evidence to support the judgment is not presented for our consideration. But if this was not true, the evidence in this case was in sharp conflict and presented a jury question, rendering the trial court without authority to direct the verdict, or to grant a motion for a new trial upon the grounds of the insufficiency of the evidence.

As we see this case, the only question presented to this court is the regularity of the record, and this affirmatively appears.

The judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.